Oscar Bravo, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

No. 762.—*Sometido:* Abril 22, 1929. *Resuelto:* Abril 30, 1929.

*José Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Tres personas vendieron al recurrente los condominios que cada una de ellas tenía en seis fincas. rústicas por precio de $2,750, que distribuyeron así: por la finca que describieron con la letra A, $1,000; por la que tiene letra B, $250; por la C, $250; por la D, $500; por la E, $250, y por la F, $500.

El documento de esa venta fué presentado en el registro de la propiedad para su inscripción acompañado de $12.50 en sellos de rentas internas, pero el registrador lo devolvió sin practicar operación alguna en sus libros porque los derechos arancelarios ascienden a $20.50, que el comprador se ha negado a pagar, y por esto se ha interpuesto este recurso gubernativo.

No hay discusión en este caso en que dichas cantidades son las exactas según el punto de vista del recurrente y

del registrador, por lo que la única cuestión en controversia es que según el recurrente cuando varios condueños venden sus condominios a una sola persona el registrador no puede cobrar por la inscripción de los varios condominios así vendidos sino por una sola inscripción a favor del comprador de los condominios adquiridos, mientras que el registrador sostiene que siendo en este caso tres los condueños que venden en cada finca debe cobrar por las tres adquisiciones que hace el recurrente aunque a su favor haga una sola inscripción.

Según el recurrente, si diez herederos adquieren en pro indiviso una finca que vale $10,000 cada uno debe pagar $4.50 por la inscripción que se haga a su favor, en total $45; pero que cuando los diez venden a una persona esos condominios, el comprador sólo pagará $10 por la inscripción de esos condominios a su favor, y cita en su apoyo a Galindo y Escosura, tomo 4, página 748, 4ª edición reimpresa en 1903, quien dice que en el caso de inscribirse una finca a favor de varios herederos *pro indiviso* el registrador percibirá de cada interesado aunque sólo practique una inscripción porque cada heredero adquiere el derecho hereditario de determinada cantidad en el valor de una finca; pero que tal doctrina no debe hacerse extensiva al caso de venta de una sola finca a favor de varias personas pro indiviso porque en realidad no hay más acto que el de transmisión del dominio de la finca. No consideraremos los méritos de esa opinión porque no tiene relación alguna con el caso presente pues no se trata en este caso de venta de una finca a varias personas pro indiviso, sino de la venta de varios condominios a una sola persona. Más apropiada es la cita que nos hace el Registrador de Morell, tomo 5, página 303, que trata directamente la cuestión a resolver en este recurso, diciendo lo siguiente:

"Dudoso se considera por algunos si en el condominio pueden siempre verse varios derechos o uno solo. Pero si una finca pertenece *proindiviso* a tres, y cada uno enajena su respectiva participación a

diversas personas o a una misma en diferentes épocas, nadie dudará de que procede cobrar por tres derechos. Seguir otra regla por el mero hecho accidental de realizarse la adquisición en un mismo acto y por un solo individuo, sería poco lógico, equivaldría a cobrar por personas y no por derechos. Así, pues, si uno vende a seis una finca, cada adquirente debe pagar sus honorarios con arreglo al valor de la parte indivisa que adquiere; si uno compra a seis, adquiere seis derechos distintos, cada uno con un valor propio y especial, aunque referente a una misma finca.

"Podrá discutirse la cuestión en el último caso, porque en él la inscripción se extiende ya a favor del adquirente sin proindivisión alguna, reuniendo en sus manos derechos que eran diferentes, pero que al reunirse constituyen uno solo. No debe discutirse en el caso primero, en el cual se inscriben realmente seis derechos diferentes a favor de seis diferentes personas."

Opinamos que aunque se haga una sola inscripción a favor del recurrente por los tres condominios que le han sido vendidos en cada finca, se inscriben a su favor las adquisiciones de tres condominios y por eso tiene que pagar por cada uno de ellos. Si por cualquier motivo sólo fuera inscribible la compra de uno de esos condominios nadie dudaría que debería cobrarse por esa inscripción, aunque no se solicitara o no se hiciera la inscripción de los otros.

*La nota recurrida debe ser confirmada.*